Thank you. Sears Logistics Council, you wish to approach? I spoke with... Can you explain to us where the other council is or by yourself? She explained it to me. We've been negotiating a settlement. She thought that she had sent me an e-mail earlier this week saying that we could continue the case pending the settlement negotiations. I never received that e-mail. You may think you can continue it, but it's the court who does or doesn't. That's on motion and notice and everything else. It's a practice issue. Yes. So what you're telling us is that this case is being settled? Is that correct? Yes, we're very close to settlement. Okay. Well, our procedure in this instance is very simple. You have 35 days within which to get it settled. And if you do, motion to dismiss should be presented to this court. Absent that, this case will be decided on the written briefs without oral. Okay. In other words, we're not going to continue it for oral argument. Exactly. I understand your argument. If you don't settle it, you won't be back here arguing the case.  Yes. My name is Stephen Walk, WAUCK, on behalf of Rosa Chavez, the employee in this case. And I guess with that, then I would make an agreed motion to settle it, to continue this case, to give us 35 days to settle it and present the motion to dismiss. Okay. Fair enough. Thank you. You'd like to agree with the ruling. That is the ruling, so you don't need to move. Thank you for agreeing with the ruling. Yes, exactly. And let the record reflect this as in the case Sears Logistics v. Illinois Workers' Compensation Commission et al., Rosa Chavez de Varela, appellee, and appeal number 314-0270-WC.